084648.0110

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **SOULAR PROPERTIES, LLC** | ) |
| | ) |
| Plaintiff, | )  No. 23-cv-743 |
| | ) |
| v. | ) |
| | ) |
| **PEKIN INSURANCE COMPANY,** | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, Defendant Pekin Insurance Company ("Pekin") hereby removes this action from the Circuit Court of Trempealeau County, Wisconsin, to the United States District Court for the Western District of Wisconsin. Removal is proper because this Court has diversity jurisdiction over Plaintiff's claims. In support of this Notice of Removal, the Defendant states as follows:

### I.   BACKGROUND

1. On September 25, 2023, Plaintiff filed a Complaint against Pekin in the Circuit Court of Trempealeau County, Wisconsin, seeking bad faith and punitive damages (the "State Court Action").

2. Pursuant to 28 U.S.C. § 1446(a), "copies of all process, pleadings, and orders that have been filed and served in the State Court Action" are attached hereto as Exhibit 1.

3. As of the date of filing of this Notice of Removal, a Summons has been issued in the State Court Action and copies of the Summons and Complaint have been served on Pekin on September 27, 2023, thus making removal timely under 28 U.S.C. § 1446(b)(1).

4. In the Complaint, Plaintiff alleges that on August 6, 2019, Matthew and Amy Olson sued Plaintiff with respect to a water issue at a home purchased by the Olsons (the "Underlying Action"). See as part of Ex. 1 ("Compl."), ¶ 5).

5. The Underlying Action asserted eight causes of action against Plaintiff: (1) Misrepresentation – Intentional Deceit; (2) Misrepresentation – Negligence; (3) Misrepresentation – Strict Responsibility; (4) Civil Action for Misappropriation Wis. Stat. § 943.20(1)(D) & Wis. Stat. § 895.446; (5) Private Nuisance by Negligent Conduct; (6) Trespass; (7) Violation of Wis. Stat. § 100.18; and (8) Punitive Damages. See Exhibit 2.

6. In the Underlying Action, the Olsons sought the following relief: actual damages; compensatory damages; consequential damages; incidental damages; costs and disbursements; attorney's fees; damages for loss of the use and enjoyment of their land and house; punitive damages pertaining to their common law claims; double damages pursuant to Wis. Stat. § 100.18(11); and exemplary damages pursuant to Wis. Stat. § 895.446.

7. Plaintiff alleges that Pekin, as its liability insurer, retained counsel to defend the Plaintiff against the Underlying Action. Plaintiff alleges that Pekin, through separate counsel, moved for a finding that it did not cover the Underlying Action (Compl., ¶¶ 6-8).

8. According to the allegations in the State Court Action, the Court in the Underlying Action found that some of the claims against Plaintiff were covered and some were not (Compl., ¶ 10).

9. The Court in the Underlying Action found that Pekin did not owe a duty to indemnify Plaintiff for any judgment entered against Plaintiff for the following causes of action contained in the Olsons' Amended Complaint: (1) Misrepresentation – Intentional Deceit; (2) Misrepresentation – Negligence; (3) Misrepresentation – Strict Responsibility; (4) Civil Action for Misappropriation Wis. Stat. § 943.20(1)(D) & Wis. Stat. § 895.446; and (8) Punitive Damages. See Exhibit 3, ¶ 2.

10. The circuit court found that Pekin owed a duty to defend and indemnify Plaintiff against the private nuisance and trespass claims in the Olson's Amended Complaint. See Exhibit 3, ¶¶ 1, 3.

11. Plaintiff alleges that Pekin secretly settled the covered claims in the Underlying Action, leaving it exposed to the remaining claims (Compl., ¶ 10).

12. In the State Court Action, Plaintiff accuses Pekin of engaging in bad faith and seeks recover of "all its damages" resulting from Pekin's conduct (Compl., ¶ 21).

13. Plaintiff further alleges that Pekin's conduct constitutes an intentional disregard of its rights, entitling Plaintiff to punitive damages (Compl., ¶ 23).

14. Plaintiff seeks judgment against Pekin for actual damages, contractual benefits, extra-contractual damages in the amount attorney's fees, costs, and disbursements, pre-judgment interest, and statutory and taxable costs (Compl., Wherefore Clause).

## II. REMOVAL IS PROPER PURSUANT TO 28 U.S.C. §1332(a)

15. Removal is proper under 28 U.S.C. §§ 1332(a) and 1441 where there is complete diversity of citizenship between a plaintiff and a defendant, and the amount in

3

controversy exceeds $75,000. *Carroll v. Striker Corp.* 658 F.3d 675, 680-81 (7th Cir. 2011).

16. For purposes of diversity jurisdiction, a corporation is a citizen of the state in which it is incorporated and where it has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). Pekin is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in Pekin, Illinois. Accordingly, Pekin is a citizen of Illinois.

17. Plaintiff states in the caption of its Complaint that it is a limited liability company located in the State of Wisconsin with a business address of E2945 Aspen Road, Eleva, Wisconsin 54738 (Compl., ¶ 1).

18. "The citizenship of an LLC for purposes of diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998).

19. Plaintiff, Soular Properties, LLC, is comprised of two members, namely, Donald W. Southard, Jr., and Joseph A. Larson, who are both citizens of the State of Wisconsin. See Exhibit 4.

20. Because the Defendant is a citizen of Illinois, and the Plaintiff's two members are citizens of Wisconsin, there is complete diversity of citizenship under 28 U.S.C. § 1332(a)(1).

21. As to the amount in controversy, the Court considers the totality of the relief sought, including "monetary damages, attorneys' fees, and the cost a defendant incurs in complying with injunctive relief." *Tropp v. W.-S. Life Ins. Co.*, 381 F. 3d 591, 595 (7th Cir. 2004). Moreover, for purposes of assessing the amount in controversy, Plaintiff's

allegations are accepted as true, and the potential damages based on the allegations in the complaint are to be assessed. *Andrews v. E.I. Du Pont De Nemours & Co.*, 447 F.3d 510, 515 (7th Cir. 2006).

22. Further, a removing defendant "need not show that the plaintiff will prevail or collect more than $75,000 if he does." *Rising-Moore v. Red Roof Inns, Inc*., 435 F.3d 813, 816 (7th Cir. 2006). Rather, the burden is to show "what the plaintiff hopes to get out of the litigation; if this exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the award under the threshold." *Id*.; *see also Brill v. Countrywide Home Loans, Inc*., 427 F.3d 446, 447 (7th Cir. 2005).

23. Where, as in this case, the Plaintiff provides little information about the value of his or her claims, a good-faith estimate of the stakes is sufficient so long as it is plausible and supported by a preponderance of the evidence." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510–11 (7th Cir. 2006). "Once the defendant in a removal case has established the requisite amount in controversy, the plaintiff can defeat jurisdiction only if 'it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.*

24. Here, the amount in controversy requirement is satisfied.

25. Plaintiff alleges in its Complaint that Pekin committed bad faith by refusing to pay amounts (for the Underlying Action) in accordance with the insurance policy (Compl., ¶ 20). Plaintiff also seeks punitive damages for Pekin's conduct (Compl., ¶ 23).

26. In the Wherefore Clause, Plaintiff demands judgment, in relevant part, for actual damages, extra-contractual damages (in the amount of attorney's fees), and punitive

damages for Pekin's alleged settlement of only the covered claims in the Underlying Action.

27. By email dated December 24, 2021, Plaintiff's member, Don Southard, Jr., informed Pekin that about $40,000 in damages had already been incurred as a result of Pekin's alleged conduct. See Exhibit 5.

28. Under Wisconsin law, insurance bad-faith claims permit a plaintiff to recover attorney fees and expose the defendant to punitive damages. *DeChant v. Monarch Life Ins. Co.*, 547 N.W.2d 592, 596-97 (Wis. 1996). Legal fees go towards the jurisdictional minimum if the prevailing party is entitled to recover them as part of damages. *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958 (7th Cir. 1998); *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (7th Cir. 1997). Punitive damages likewise count towards the jurisdictional minimum if they are recoverable under the complaint. *Bell v. Preferred Life Assur. Soc. of Montgomery, Ala.*, 320 U.S. 238, 240, 64 S. Ct. 5, 88 L. Ed. 15 (1943).

29. In Wisconsin, punitive damages are authorized by statute, see Wis. Stat. § 895.043, and may be awarded "if evidence is submitted showing that the defendant acted maliciously toward the plaintiff or in an intentional disregard of the rights of the plaintiff." Wis. Stat. § 895.043(3). The Due Process Clause of the Fourteenth Amendment imposes limits on the size of a punitive damages award. *Kimble v. Land Concepts, Inc.*, 845 N.W.2d 395, 406 (Wis. 2014).

30. Although Wisconsin law expressly rejects the use of a fixed multiplier, it has noted that in some cases a comparison of the compensatory damages and the punitive damages award is important. *Trinity*, 661 N.W.2d at 802. Indeed, in *Trinity*, the Wisconsin

Supreme Court found that a 7:1 ratio of punitive damages to compensatory damages was acceptable. *Id*. at 803.

31. In this case, considering that the Plaintiff has claimed at least $40,000 in damages and given that Plaintiff seeks extra-contractual damages, attorney's fees, and punitive damages, the total amount in controversy exceeds the jurisdictional limit of $75,000.

### III. VENUE AND NOTICE

32. Venue is proper in the Western District of Wisconsin located in Madison, Illinois, because the Circuit Court of Trempealeau County action is pending within the jurisdictional confines of this Court.

33. Defendant will provide written notice of the filing of the Notice of Removal to Plaintiff and the Circuit Court of Trempealeau County, Wisconsin.

WHEREFORE, the Defendant, Pekin Insurance Company, hereby removes this civil action to the United States District Court for the Western District of Wisconsin, on the basis of diversity jurisdiction.

Dated: October 25, 2023     Respectfully submitted:

PRETZEL & STOUFFER, CHARTERED

BY: */s/Richard M. Burgland*
   Richard M. Burgland
   PRETZEL & STOUFFER, CHARTERED
   200 South Wacker Drive
   Suite 2600
   Chicago, Illinois 60606
   Telephone: (312) 578-7814
   Fax:         (312) 346-8242
   E-Mail:  rburgland@pretzelstouffer.com
   *Attorneys for Defendant*